NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PETER PARKINS, | : | Civil Action No. 02-3888 (SRC) |
| Plaintiff, | : | |
| v. | : | **OPINION & ORDER** |
| MERCER COUNTY POLICE DEPARTMENT, et al., | : | |
| Defendants. | : | |

THIS MATTER comes before the Court upon Plaintiff's letter to the Court requesting that the Court appoint an expert as he is unable to afford the fees of his chosen expert. (Docket item # 131.) Plaintiff asks that the costs of such an expert either be allocated to Defendants or paid from an "expert witness fund." Plaintiff relies upon Federal Rule of Evidence 706, Gates v. United States, 707 F.2d 1141 (10th Cir. 1983) and McKinney v. Anderson, 924 F.2d 1500 (1991) as authority for such an appointment. The Court denies this request.

**I. FEDERAL RULE OF EVIDENCE 706**

Pursuant to Federal Rule of Evidence 706, the Court may appoint an expert on its own motion or on the motion of a party, with payment in a civil matter to be "paid by the parties in such proportion and at such time as the court directs." Some jurisdictions authorize appointment even when one party is indigent and unable to bear a portion of the costs. See McKinney, 924

F.2d at 1511, Webster v. Sowders, 846 F.2d 1032, 1038-39 (6th Cir. 1988).  However, those cases are distinguishable from the instant matter as they involved complex scientific issues.  In McKinney, the Ninth Circuit determined that a magistrate judge's narrow reading of Rule 706 would not allow appointment of witnesses "who could provide the court with scientific information on the health effects of [an environmental toxin] and on the concentration levels of [the toxin] in the Carson City prison."  924 F.2d at 1511.  In Webster, the Sixth Circuit affirmed the District Court's decision to appoint an expert, with costs fronted by the defendant, where "a captive population ... had been exposed to a life-threatening substance."  846 F.2d at 1039.  The issues before the court involved asbestos and compliance with federal regulations to remove the toxin from a prison.  Id.  The instant case present no such issues.

Plaintiff also relies upon Gates v. United States, where the Tenth Circuit determined it was proper for the district court to appoint a panel of experts to assist the trial court in understanding complex matters relating to a swine flu vaccine.  707 F.2d at 1144.  The opinion makes no mention as to how fees for those experts were allocated.  Assuming *arguendo* that those expert costs were assessed to defendants only, this Court again notes that the case in Gates presented complex scientific issues.

In Pabon v. Goord, 2001 U.S. Dist. LEXIS 10685, *3-5 (S.D.N.Y. July 27, 2001), the district court denied an indigent plaintiff's request to appoint an expert at the defendant's expense.  The court stated, "The determination to appoint an expert rests solely in the Court's discretion and is to be informed by such factors of the complexity of the matters to be determined and the Court's need for a neutral, expert view."  Id. at *3.  The issue regarding plaintiff's medical care in Pabon did not present "probing, complex questions" that the court believed justified an expert paid for at the defendant's expense. Id. at *7-8.

The advisory committee notes on Federal Rule of Evidence 706 reveals that the purpose for court appointed experts was to address concerns of expert shopping, expert venality and expert reluctance to testify. Fed. R. Evid. 706 advisory committee's notes. Indeed, the notes indicate that this rule is rarely invoked and its very existence "decreases the need for resorting to it." Id. The need for a court to appoint its own expert arises from the presentation of highly complex issues, unwieldy material, or where conflicting testimony calls for an impartial expert. Id. Plaintiff's case presents no such challenges and he does not even argue as much. Therefore, this Court sees no compelling reason at this juncture (indeed, on the eve of trial) to invoke Rule 706. As such, the Court need not reach a decision under Rule 706(b) regarding the compensation of a court appointed expert.

**II. 28 U.S.C. § 1915**

Although Plaintiff does not suggest the Court has authority pursuant to 28 U.S.C. § 1915, it deems mention as some courts have analyzed the payment of court appointed experts under this provision as it allows the court to waive prepayment of items such as filing fees and transcripts for indigents. However, as noted by the Fifth Circuit in Pedraza v. Jones, the Supreme Court has held that the "expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress" 71 F.3d 194, 196 (5th Cir. 1995)(citing United States v. MacCollom, 426 U.S. 317, 321 (1976))(holding the district court did not err in refusing to appoint a witness to help plaintiff create a fact issue). "The plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant." Id. Indeed, the Third Circuit is in agreement with this interpretation of Section 1915, finding "no statutory nor ... any appropriation to which the courts may look for payment of expert witness fees in civil suits for damages."

Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987), cert. denied, 485 U.S. 991 (1988)(affirming district court's decision to deny indigent litigant's request for expert witness fees); see also Malik v. Lavalley, 994 F.2d 90 (2d Cir. 1993)("We agree with our sister circuits that no reading of 28 U.S.C. 1915 supports the contention that Congress authorized federal courts to waive or pay for [in forma pauperis litigant]'s witness fees.")   Therefore, this Court finds no authority for appointment of an expert for Plaintiff solely because he has determined at the last minute before trial that he is unable to afford the fees of his chosen expert.

**III. CONCLUSION**

For the reasons set forth above, and for good cause shown, this Court denies Plaintiff's request for a court appointed expert.

IT IS on this 26th day of July 2005:

ORDERED that Plaintiff's request for a court appointed expert is DENIED.

    s/ Stanley R. Chesler
Stanley R. Chesler